THE HENRY M. CLARK.

(*District Court, S. D. New York.* November 29, 1884.)

COLLISION—DAMAGES—REPAIRING—INTERVENING VOYAGES.
    While indemnity for the loss is the rule of compensation in collision cases, where the actual cost of repairs is relied upon as the proof of the damage, such repairs should be made at once. If made at different times, and in part, after intervening voyages calculated to aggravate the injury, a reasonable deduction made by the commissioner from the actual cost of repairs will be sustained.

In Admiralty.
*Goodrich, Deady & Platt,* for libelant.
*More, Aplington & More,* for claimants.

BROWN, J.   From the damages proved by the libelant, the commissioner has deducted $500, to-wit: $140 on account of labor, $100 on account of materials, and $260 on account of the voyages made between the different times of making the repairs. The last item of deduction is most strongly pressed on the attention of the court, upon the exceptions as improperly deducted. I cannot doubt from the evidence that the libelant's vessel received a strain, wrench, or twist from the effects of the collision, though the full effects of it were not apparent until afterwards. The libelant has an undoubted legal right to full compensation for the actual injury caused by the collision, and he is not under any obligation to repair his vessel; but when the repairs are sought to be made the chief proof of the actual injury caused by the collision, it must appear that the repairs were made fairly, and made, not only within a reasonable time, but under circumstances that leave no room for a reasonable belief or suspicion that the injuries caused by the collision have been aggravated by the intermediate use of the vessel. To admit without question the cost of making repairs, after indefinite navigation of the vessel in the mean time, would introduce a highly dangerous rule, and add greatly to the opportunities already existing for exaggerated claims in the repairs of damaged vessels. In the present case, two or three considerable voyages were made between the different times at which the repairs were done. These voyages were calculated to increase, to some extent, the injuries to the ship; though not, perhaps, to a large amount. On the whole, I think the amount of $260, deducted by the commissioner from the final aggregate of the repairs, is none too large. I have examined, also, the other objections raised upon each side, but do not think there are sufficient grounds for varying the commissioner's report; and his report is, therefore, confirmed.